*356 OPINION OF THE COURT
Diana Johnson, J.
Respondent moves to dismiss this proceeding for failure to state a cause of action and in the interest of justice. Specifically, respondent alleges that the notice of termination and the petition served on respondent fail to set forth the facts upon which the proceeding is based in contravention of RPAPL 741.
The notice of termination states in pertinent part, "please take further notice that the specific grounds for termination of your tenancy (are) non-desirability — breach of rules and regulations. Violation of rule 2 (V); 2 (M); 2 (F); 2 (P) and chronic delinquency in payment of rent.” Petitioner in support of its position cites New York City Hons. Auth. v Perry (NYLJ, Aug. 28, 1991, at 24, col 3), which held that although in general a termination notice and petition must recite the facts relied upon sufficiently enough so as to allow respondent to interpose a defense, this rule has no application to public housing tenants. The reason being, public housing tenants prior to being subjected to summary proceedings have already been afforded an administrative hearing the determination of which is binding upon this court. Thus, the only issue at trial of the holdover proceeding is the validity of the termination notice, and the facts underlying the administrative determination to terminate the tenancy may not be questioned in Housing Court. Therefore, pursuant to the Public Housing Law a statement of the grounds for termination must be given, but nothing more.
However, this is precisely the problem, the ground for termination is not stated. The ground for termination here is that on June 17, 1992, the members of the Authority made a determination to uphold the decision of the Hearing Officer at the administrative hearing to terminate respondent’s tenancy. This is the true ground for the termination. To cite the specific rules violated which gave rise to the holding of the administrative hearing to terminate is gratuitous as respondent cannot challenge them at this point. The notice of termination makes no mention of the administrative hearing, the Hearing Officer’s decision or the determination of the members of the Authority. The notice of termination is missing these essential allegations. Indeed reading the notice of termination one would assume respondent is only now being charged with the violations and would presumably have the *357 right to contest same in court. Nowhere is there any indication that a binding adjudication has already been made. As petitioner champions that neither the court nor respondent in this proceeding may "go behind” the determination, it is axiomatic that it should be put "in front” of the court and respondent by inclusion in the notice of termination, it being the basis for the proceeding.
Accordingly, the court holds that for the notice of termination to be valid it must contain an allegation concerning the holding of the administrative hearing, the result thereof and the determination of the members of the Authority along with the relevant dates. In addition, attached to the notice of termination must be the "Determination of Status for Continued Occupancy” issued by the members of the Authority.
As the notice of termination in this case is invalid for the above-stated reasons, the court grants respondent’s motion and dismisses the proceeding without prejudice.